UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROSALIND A. CLAYTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-cv-01186-SRC |
| | ) |
| UNITED STATES POSTAL SERVICE & | ) |
| AMERICAN POSTAL WORKERS UNION, | ) |
| | ) |
| Defendants. | ) |

## Memorandum and Order

Plaintiff Rosalind Clayton sued her employer for discrimination. Doc. 1. Now, she moves to proceed without prepayment of the required filing fee.[1] Doc. 2. For the reasons discussed below, the Court denies the motion.

**I.   Background**

Clayton, an African-American, self-represented litigant, filed this employment discrimination action against her current employer, the United States Postal Service, as well as the American Postal Workers Union, under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e, *et seq,* and the Age Discrimination in Employment Act (ADEA), 28 U.S.C. §§ 621, *et seq.*[2] Doc. 1 at p. 1. Along with the complaint, Clayton filed a motion for leave to proceed in forma pauperis, claiming an inability to pay the filing fee. Doc. 2.

---

[1] Clayton is a frequent litigator in this Court. She litigated against her former employer, the American Red Cross, in two prior cases: *Clayton v. American Red Cross*, No. 4:11-CV-899 JCH (E.D. Mo. 2012) and *Clayton v. American Red Cross*, No. 4:11-CV-1305 JCH (E.D. Mo. 2012). Additionally, she previously filed employment discrimination complaints against the United States Postal Service and the American Postal Workers Union in two prior cases: *Clayton v. Brennan, et al.,* No. 4:17-CV-2928 JCH (E.D. Mo. 2018) and *Clayton v. DeJoy, et al.,* No. 4:18-CV-1039 JAR (E.D. Mo. 2020).

[2] In the body of her complaint, Clayton also asserts that she brings claims pursuant to the Equal Pay Act of 1963, 29 U.S.C.§ 206(d), under 42 U.S.C. § 1981, as well as the Fourteenth Amendment. Doc. 1-1 at p. 1.

Clayton complains that she was working as an Express Mail Clerk at the Postal Service on Market Street in St. Louis, Missouri when the discrimination occurred.  Doc. 1-1 at p. 1.  She claims her manager suspended her for twenty-three days after Clayton had filed four "EEO information complaints."  *Id*.  She believes the suspension was discriminatory and in retaliation for her prior complaints.  *Id*.  And she claims her manager suspended another, younger employee involved in the same incident for only three days.  *Id*.  Clayton also states that the Postal Service reduced her four-week vacation to a three-week vacation as punishment for the suspension.  *Id*. at p. 2.

## II.    Discussion

Clayton is a self-represented litigant who has filed a motion for leave to proceed in forma pauperis.  The Clerk of Court in each district court is required to collect a filing fee from any party "instituting any civil action, suit or proceeding in such court."  *See* 28 U.S.C. § 1914(a).  When unable to pay the fee, a party may proceed in forma pauperis under 28 U.S.C. § 1915.  *See Greaser v. State of Missouri, Dep't of Corrs.*, 145 F.3d 979, 985 (8th Cir. 1998).  This statute "is designed to ensure that indigent persons will have equal access to the judicial system."  *Id*.  Under section 1915, a federal district court may authorize the commencement of a civil action without prepayment of the fees "by a person who submits an affidavit that includes a statement of all assets such [person] possesses."  28 U.S.C. § 1915(a)(1); *see also* E.D. Mo. L.R. 2.05(A) ("An application to proceed in forma pauperis shall be accompanied by a statement of the applicant's financial information set forth on a form provided by the Court. The Court may require the submission of additional information in a particular case.").

---

She claims she was discriminated against because of her race, religion, gender, and age (60).  Doc. 1 at p. 6.  Additionally, Clayton asserts that she has been subjected to retaliation for filing "EEO information complaints" and subjected to a hostile work environment/harassed.  Doc. 1-1 at p. 1.

Being granted in forma pauperis status, however, is a matter of privilege, not of right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987).  To enjoy the statute's benefits, a plaintiff must demonstrate that, because of her poverty, she cannot pay for the litigation costs and still be able to provide for the necessities of life.  *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  The determination of whether to grant or deny in forma pauperis status under 28 U.S.C. § 1915 is within the sound discretion of the trial court.  *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000).

In her motion, Clayton states that she is employed, that her yearly wages are $64,479, and that she receives rental income in an amount of $13,200.  Doc. 2 at p. 2.  Regarding assets, Clayton lists three real estate holdings worth $15,000; $10,000; and $80,000.  *Id*.  Clayton also claims to have $2,978.23 in her checking account.  *Id*.  Clayton has not provided the Court an approximate idea of her monthly expenses, however, it appears that she has at least $6,721.43 to contribute to those expenses each month, exclusive of the real estate holdings.  *See id*. at pp. 1–2.

Based on the financial information Clayton has provided, it cannot be said that she is indigent.  In other words, Clayton's motion for leave to proceed in forma pauperis indicates that she can pay the filing fee in this action while still allowing her to afford the basic necessities of life.

Because Clayton does not qualify for in forma pauperis status, she must pay the entire filing fee of $402 before proceeding.  The Court gives her twenty-one days from the date of this order in which to make such payment.  Failure to pay the full filing fee within twenty-one days will result in the dismissal of this action without prejudice and without further notice.

Accordingly, the Court denies Clayton's [2] Motion for Leave to Proceed in forma pauperis.  Further, the Court orders Clayton to pay the entire filing fee of $402.00 no later than

October 18, 2023.  If Clayton fails to pay the entire filing fee by October 18, 2023, the Court will dismiss this action without prejudice and without further notice.

    So Ordered this 27th day of September 2023.

                                                */s/ Stephen R. Clark*

                                            STEPHEN R. CLARK
                                            CHIEF UNITED STATES DISTRICT JUDGE