**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROSALIND A. CLAYTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-01186-SRC |
| | ) | |
| UNITED STATES POSTAL SERVICE & | ) | |
| AMERICAN POSTAL WORKERS UNION, | ) | |
| | ) | |
| Defendants. | ) | |

**Memorandum and Order**

Self-represented Plaintiff Rosalind Clayton moves to require the U.S. Marshals Service to serve Defendants on her behalf.   Doc. 4.   For the following reasons, the Court denies Clayton's request for service.

**I.      Background**

Clayton filed this employment-discrimination action in September against her current employer, the United States Postal Service, as well as the American Postal Workers Union, under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e, *et seq*, and the Age Discrimination in Employment Act (ADEA), 28 U.S.C. §§ 621, *et seq*.[1]   Doc. 1 at p. 1. Along with the complaint, Clayton filed a motion for leave to proceed in forma pauperis, claiming an inability to pay the filing fee.   Doc. 2.

A week later, the Court—after reviewing the motion to proceed in forma pauperis and the accompanying financial affidavit—determined that Clayton did not qualify for indigency status

---

[1]In the body of her complaint, Clayton also asserts that she brings claims pursuant to the Equal Pay Act of 1963, 29 U.S.C.§ 206(d), 42 U.S.C. § 1981, and the Fourteenth Amendment.   Doc. 1-1 at p. 1.

under 28 U.S.C. § 1915.   Accordingly, the Court denied Clayton's request to proceed in forma pauperis and ordered her to pay the full filing fee, or risk dismissal of this action.   Doc. 3.

Clayton timely paid the filing fee.   Because Clayton paid the full filing fee, she is responsible for properly serving Defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure.   Despite this requirement, Clayton has now filed a motion requesting the Court to order the U.S. Marshals Service to serve Defendants on her behalf.   Doc. 4.   Because Clayton lacks in forma pauperis status, she is not entitled to service, without cost, by the U.S. Marshals Service.   Accordingly, the Court denies the motion.

## II.   Discussion

If a plaintiff is granted the right to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, not only is she entitled to waiver of the filing fee, but she is also entitled to service of summons and of the complaint by the U.S. Marshals or court officer if the Court so orders.   *See* Fed. R. Civ. P. 4(c)(3).   In this case, however, the Court denied Clayton in forma pauperis status.   Doc. 3.   Thus, Clayton is not entitled to service of summons or the complaint pursuant to Fed. R. Civ. P. 4(c)(3).   As such, the Court denies Clayton's request for service by the U.S. Marshals Service.

Clayton must effectuate service on Defendants on her own behalf within 90 days of the filing of her complaint.   Fed. R. Civ. P. 4(m).   Rule 4(i) details how to serve the United States and the United States' agencies, corporations, officers, and employees:

(i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.

(1) *United States.*   To serve the United States, a party must:

(A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought— or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or

(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

(2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity.*   To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Additionally, service upon the United States and its agencies differs from service upon a labor organization.   Because the National Labor Relations Board has designated the American Postal Workers Union as a labor organization, Clayton must comply with 39 U.S.C. § 1208(e) to serve the Union.   "The service of summons, subpoena, or other legal process of any court of the United States upon an officer or agent of a labor organization, in his capacity as such, shall constitute service upon the labor organization."   39 U.S.C. § 1208(e).

To effectuate service upon Defendants, Clayton should serve their proper agents with summons and file-stamped copies of her complaint.   Clayton must submit to the Court: i) a filed-stamped copy of her complaint; ii) four completed summons forms (AO Form 440); and iii) four completed "Notice of Intent to Use Private Process Server" forms.   The "Notice of Intent to Use Private Process Server" forms must include the name and address of the process

3

server who will be effectuating service upon Defendants.   Clayton must complete these forms
and return them to the Clerk's Office.   Once Clayton submits these forms, the Clerk's Office
will sign and seal her summons and return them to her. The summons must then be served upon
Defendants by a private process server and return of service must be filed with the Court.
Attached to this Order are the necessary forms for service of the complaint by summons.

Accordingly, the Court denies Clayton's [4] request to have the U.S. Marshals Service
serve Defendants on her behalf.   Further, the Court orders Clayton to serve Defendants with
summons and a file-stamped copy of her complaint by no later than December 19, 2023.
Clayton's failure to do so may result in a dismissal of this action without prejudice.

So Ordered this 6th day of October 2023.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE