UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROSALIND A. CLAYTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-cv-01186-SRC |
| | ) |
| UNITED STATES POSTAL SERVICE | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

### Memorandum and Order

In March 2025, the Court dismissed many of Rosalind Clayton's claims and granted summary judgment to the United States Postal Service, Doug Tulino, the United States of America, and the American Postal Workers Union on many other claims. The same day, the Court ordered Clayton to file a supplemental brief on why the Court shouldn't grant summary judgment on the remaining claims. Clayton failed to file a supplemental brief by the deadline, but, in the meantime, both Clayton and Federal Defendants filed new motions to revisit portions of the Court's prior judgment. As discussed below, the Court denies the parties' requests and enters summary judgment on the remaining claims in the case.

**I.  Background**

The Court detailed the extensive factual and procedural background of this case in its March 2025 Memorandum and Order. Doc. 141 at 1–8 (The Court cites to page numbers as assigned by CM/ECF.). After issuing that Memorandum and Order, the Court explained that Clayton's breach-of-duty-of-fair-representation claims against the union that arose between July 2023 and June 2024 remain in the case, but no other claims remain. Doc. 143 at 1. In light of the Court's prior finding "that Clayton had failed to show a genuine dispute of material fact on

the issue of whether the [union] breached its duty of fair representation . . . between July 2023 and June 2024," *id.*, the Court "[saw] no reason . . . why it shouldn't grant the [union] summary judgment on the remaining claims," *id.* at 2; *cf. Clayton v. DeJoy*, No. 4:18-cv-01039-JAR, 2020 WL 6822641, at *2 n.6 (E.D. Mo. Nov. 20, 2020) ("To recover against an employer or union for breach of a collectively bargained agreement under a hybrid claim, 'employees must first prove that their union breached its duty of fair representation.'" (quoting *Barlow v. Am. Nat'l Can Co.*, 173 F.3d 640, 642 (8th Cir. 1999))).  As such, pursuant to Federal Rule of Civil Procedure 56(f), the Court "order[ed] Clayton to, no later than April 2, 2025, file a supplemental brief on why the Court shouldn't grant the [union] summary judgment on the remaining claims." Doc. 143 at 2.

Before April 2, 2025, arrived, the United States Postal Service, Doug Tulino, and the United States of America (collectively, "Federal Defendants") moved, under Rules 59 and 60, to amend the Court's motion-to-dismiss and summary-judgment order.  Doc. 144.  Federal Defendants' motion arises from confusion over the union grievances that Clayton described in her complaint.  *Id.*  Clayton alleged in her complaint:

> The union failed to timely process.  APWU failed to adequately process black, older, woman, unpaid wage grievance.  <u>8-9-23,</u> Gene Hollenbeck union representative, settled 2 grievances, # C18-07-22 C-24-023-22 <u>he withdrew my wage grievance from arbitration breached the CBA violated</u> **Count VII** See **Exhibit 13** attached hereto and incorporated herein.  <u>I didn't consent to a settlement or to withdraw a grievance from arbitration.</u>  Hollenbeck settled grievance without my consent deprived <u>older</u>, negro, woman of a choice.  <u>APWU—USPS process wage grievance 11 months breached the CBA</u> If I'd been Linda Knobbe white co-worker, Gene wouldn't deprive whites of choice Gene is white he doesn't settle white employee grievance without their consent.  APWU failed to timely process my <u>6 days unpaid wage</u> grievance 11-2022 & failed to negotiate reimbursement <u>23 days unpaid wage</u> grievance related to <u>suspension</u> USPS deprived me of 48hrs of minimum wages violate **Count ~~XII~~ XIV** 29 U.S.C. 206~~(3)~~ (d) & 12-hours OT on above paychecks violated **~~Count XIII~~** 29 U.S.C. 207 . . . .

Doc. 103 at 19–20 (last alteration only added).  Based on how Clayton had framed this allegation, Federal Defendants, in their motion for summary judgment, conflated the C18-07-22

2

and C-24-023-22 grievances with grievances that Clayton had filed related to her allegedly unpaid wages from a schedule change and suspension.  Doc. 145 at 2.

But after the Court granted Federal Defendants' summary-judgment motion, "Federal Defendants learned that" the C18-07-22 and C-24-023-22 grievances "did not relate to Clayton's wage and scheduling claims"; instead, they related to two unrelated claims that Clayton had made to the union.  *Id.* at 3.  The C18-07-22 grievance, Federal Defendants discovered, related to "Clayton's claim that on May 5, 2022, the Postal Service displaced her from her bid position to remedy a conflict between Clayton and a co-worker."  *Id.* (citing doc. 144-1 at 3).  And the C-24-023-22 grievance, Federal Defendants discovered, related to Clayton's claim "that she worked one overtime hour—clocking out 1 hour later—after her November 19–20, 2022, shift."  *Id.* (citing doc. 144-2 at 3).  Federal Defendants assert that "the new, underlying, facts should not change the Court's Judgment because the facts upon which the Court relies are deemed admitted, and its reasoning applies equally to the new facts."  *Id.* at 1.

After Federal Defendants filed their Motion Pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure, Clayton's deadline for filing a supplemental brief came and went.  *See* doc. 143 at 2.  Clayton did not file a supplemental brief.  But the union—which the Court had also given leave to file a supplemental brief, *see* doc. 143 at 2—did file one, *see* doc. 146.  In its supplemental brief, the union argues that the Court should grant it summary judgment on the remaining claims.  *See id.*

Next, Clayton filed a Motion to Alter or Amend Judgment, doc. 148, and an accompanying memorandum in support, doc. 149.  Clayton contends that the Court erred in granting summary judgment to Federal Defendants because "there are genuine material issue[s] of fact in dispute."  Doc. 148 at 7.  Federal Defendants opposed the motion, doc. 150, and the

3

union joined Federal Defendants' opposition, doc. 151.  After that, Clayton filed five more things:  (1) objections to the union's supplemental brief, doc. 152, (2) objections to Federal Defendants' response to Clayton's Motion to Alter or Amend Judgment, doc. 153, (3) another motion to vacate the Court's prior orders dismissing some of Clayton's claims, doc. 154, (4) another motion to vacate the Court's prior orders dismissing some of Clayton's claims, doc. 157, and (5) a motion to supplement her most recent motion to vacate the Court's prior orders, doc. 158.  The Court discusses these five filings below and resolves all other pending motions.

**II.     Standard**

Under Rule 59(e), a party may file "[a] motion to alter or amend a judgment . . . no later than 28 days after the entry of judgment."  "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'"  *United States. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care v. P.T.-O.T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)).  The Eighth Circuit "has consistently held that Rule 59(e) motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments [that] could have been offered or raised prior to the entry of judgment."  *Id.* at 934 (citations omitted).

Under Rule 60(b), "[o]n motion and just terms, the [C]ourt may relieve a party . . . from a final judgment" in certain circumstances.  Those circumstances include, among others, "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  "Rule 60(b) authorizes relief in only the most exceptional of cases."  *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005) (quoting *Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp.*, 293 F.3d 409, 415 (8th Cir. 2002)).  In ruling on a Rule 60(b) motion, the Court "must disregard all errors and defects that do not affect any party's substantial rights."  Fed. R. Civ. P. 61.

4

### III. Discussion

#### A. Clayton's "objections"

Local Rule 4.01 allows only three memoranda for each motion: (1) a memorandum in support of the motion, (2) a memorandum in opposition to the motion, and (3) a reply memorandum. "Additional memoranda may be filed by either party only with leave of Court." E.D. Mo. L.R. 4.01(C). The Court must consider whether Clayton had leave to file (1) her objections to the union's supplemental brief, doc. 152, and (2) her objections to Federal Defendants' response to Clayton's Motion to Alter or Amend Judgment, doc. 153.

Start with the first. The Court gave Clayton leave "to file a supplemental brief on why the Court shouldn't grant the [u]nion summary judgment on the remaining claims. Doc. 143 at 2. But the Court ordered that Clayton file her supplemental brief no later than April 2, 2025, and the Court clarified that "[t]he parties may not file further briefing without leave of court." *Id.* Here, Clayton filed her objections to the union's supplemental brief nine days after the supplemental-brief deadline. *See* doc. 152. Accordingly, Clayton filed her objections without the Court's leave, and thus the Court strikes Clayton's Objections to APWU's Memorandum in Support of Summary Judgment & Affidavit, doc. 152.

As for the second, the Court notes that Clayton did not file a reply memorandum in support of her Motion to Alter or Amend Judgment, doc. 148. Since Clayton filed her Objections to Federal Defendants' Response to Plaintiff Motion to Alter or Amend Judgment within 10 days of Federal Defendants' response brief, *see* docs. 150, 153, the Court treats Clayton's filing as her reply brief, *see* E.D. Mo. L.R. 4.01(C).

#### B. Federal Defendants' motion under Rules 59 and 60

In its March 2025 Memorandum and Order, the Court observed the following:

5

> Clayton's complaint lacks organization, and Clayton fails to provide context for many, if not most, of her factual allegations. The Court strongly believes that this Memorandum and Order addresses all the allegations in Clayton's complaint that could be construed as claims against Federal Defendants. To the extent that it appears that the Court failed to address any of Clayton's allegations against Federal Defendants, it is either because: (a) the Court, despite dozens of hours of carefully studying Clayton's complaint, could not discern the essence of Clayton's allegations, so the Court was not required to afford them a liberal construction, or (b) Clayton's allegations bore no relevance to any legal basis for relief.

Doc. 141 at 34 (citations omitted). The allegation about the two grievances that Federal Defendants uncovered after the fact, *see* doc. 144 at ¶ 5, fall into the first bucket. The relevant allegation, which the Court block-quoted above, *see supra* Section I, muddies the waters about the grievances at issue because it *enumerates* two grievances (which, extrinsic evidence now shows, had nothing to do with Clayton's grievances about allegedly unpaid wages) but then *describes*, in the same breath, only the grievances having to do with the allegedly unpaid wages. *See* doc. 103 at 20 (enumerating "#C18-07-22" and "C-24-023-22" but then referring to "6 days unpaid wage grievance" and "23 days unpaid wage grievance related to suspension"). The Court questions whether Clayton's complaint even satisfies Rule 8's notice-pleading standard as to the enumerated grievances because the complaint merely enumerates the grievances but fails to provide any facts from which the Court could infer that the union's or Postal Service's treatment of the grievances would entitle Clayton to relief. *See generally* doc. 103; *see also* Fed. R. Civ. P. 8(a)(2) (providing that a complaint must contain "a short and plain statement of the claim"); *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (holding that "the 'short and plain statement' must provide the defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests'" (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

But even if Clayton's complaint *did* state a hybrid claim against Federal Defendants and the union as to the newly discovered grievances, that still, for two reasons, wouldn't move the

6

needle on the Court's prior grant of summary judgment on all claims against Federal Defendants. First, Clayton did not oppose the relevant portions of Federal Defendants' Statement of Uncontroverted Material Facts and thus etched the discrepancy into the stone of uncontroverted fact.  Federal Defendants confused the grievances in paragraphs 15, 16, 44, and 46 of their Statement of Uncontroverted Material Facts.  *See* doc. 144 at ¶ 2.  But Clayton agreed, in full, to paragraphs 15, 16, and 44.  *See* doc. 117 at ¶¶ 15–16, 44.  As for paragraph 46, Clayton disputed the statement on an unrelated ground but, in disputing the statement, pointed not to the newly discovered grievances but instead to the unpaid-wage grievance, giving affirmative credence to the discrepancy.  *See id.* at ¶ 46 ("I dispute this statement.  The Union and USPS took 11 months to settled [sic] my *wage grievance* breached the CBA.  This settlement was untimely it wasn't made in my best interest.  *I worked the 6 days in questioned* [sic], *I wasn't paid*." (emphasis added)).  Thus, the newly discovered evidence does nothing to alter the Court's reasoning in granting Federal Defendants summary judgment on the hybrid claim.  *See* E.D. Mo. L.R. 4.01(E) ("All matters set forth in the moving party's Statement of Uncontroverted Material Facts shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party."); *see also* Fed. R. Civ. P. 56(c)(1).

      Furthermore, Clayton has now had multiple opportunities to demonstrate that a genuine dispute of material fact exists as to whether the union breached its duty of fair representation at any relevant time, including during the times that the union resolved the newly discovered grievances.  Clayton could have pointed to these grievances in her response to Federal Defendants' Statement of Uncontroverted Material Facts, but she didn't.  *See* doc. 117.  Clayton could have pointed to these grievances in her supplemental brief, which the Court gave Clayton leave to file *specifically* to address the hybrid claim as to the union, *see* doc. 143 at 2, but

7

Clayton chose not to file a supplemental brief at all, let alone to address the newly discovered grievances. Finally, Clayton could have raised the newly discovered grievances in her own Motion to Alter or Amend Judgment, doc. 148, but she failed to make even a passing mention of them, *see id.*, a fact that even Federal Defendants noted in their response to Clayton's motion, *see* doc. 150 at 1 n.1 ("Clayton's argument confirms that the Second Amended Complaint involves a wage dispute associated with the Schedule Change, not a dispute raised in the [newly discovered grievances]."). Upon review of the evidence in the record—including the newly discovered grievances—the Court still fails to see any genuine dispute of material fact as to whether the union violated its duty of fair representation at any relevant time. Accordingly, the Court denies Federal Defendants' Motion Pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure. Doc. 144.

### C. Clayton's motion under Rule 59

In an attempt to undo the Court's prior ruling dismissing several of her claims, Clayton makes several arguments. As explained below, none justifies relief under Rule 59(e).

First, Clayton argues that "a summary judgment motion cannot be granted before the defendants answered the Complaint and complete the discovery." Doc. 149 at 1. Not so. As the Court already explained:

> "A defendant may move for summary judgment 'at any time,' and the rules do not require that discovery be completed before the motion is heard." *Alhom v. Am. S.S. Co.*, 144 F.3d 1172, 1177 (8th Cir. 1998). "A defending party is not required by the rule to file an answer before moving for summary judgment." 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2718 (4th ed. 2024) (collecting cases). The trial court has "discretion" in determining whether a motion for summary judgment is "premature because the issues need further development." *Id.*

Doc. 141 at 12. The Court found summary judgment proper (notwithstanding the procedural posture of the case) on account of (1) "the uncontested facts in the record and Clayton's own

8

admissions," *id.* at 27, and (2) that Clayton already had access to the information needed to identify a genuine dispute if material fact, if one had existed, *see id.* at 30 ("It's not necessary to give Clayton more time for discovery on this point, either, because it is clear that she already has access to the collective-bargaining agreement . . . ."). Additionally, for a Court to "allow time . . . to take discovery" after the filing of a summary-judgment motion, the nonmovant must "show[] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d)(2). Clayton, across all her summary-judgment filings, failed to even attempt to make such a showing. *See generally* docs. 117–19.

Second, Clayton spends the bulk of her motion arguing that the Court failed to address her hybrid claim as to a union grievance in which she alleged that the Postal Service failed to pay her wages for six days. *See, e.g.*, doc. 149 at 4 ("Clayton worked 6 -days, I was not paid for work that's why my check differed. Clayton argued 11-23-22, 11-6-22, 12-2-22, 10-28-22, I filed 4 grievances complained of 6 days unpaid wages. Doc. 1-10 at p id 40–45. The Union failed to timely process. The Union settled my 6 days unpaid wage grievance by withdrawing the grievance from arbitration on 8-9-23, without getting Clayton paid for the 6 days she worked. Doc. 103 at 1085. The Union breached its duty of fair representation."). To her motion, Clayton appends a "GRIEVANCE CHRONOLOGY SHEET," doc. 148-1, which, she claims, the union and the Postal Service failed to follow, *see* doc. 148 at 3.

But the Court already found as undisputed that "the collective-bargaining agreement contained no requirement that the [u]nion resolve Clayton's grievances within six months," as Clayton had argued. Doc. 141 at 30; *see* doc. 118 at 10 (arguing that the union breached the collective-bargaining agreement because it failed to resolve her grievances "within the 6-months"). Clayton attempts to use Rule 59(e) to "introduce new evidence" and "tender new

9

legal theories" that she could have presented prior to the entry of judgment. *Metro. St. Louis*, 440 F.3d at 934. This she cannot do. *See id.* And even the sole new piece of evidence that Clayton has presented—the "GRIEVANCE CHRONOLOGY SHEET"—does not move the needle because it still fails to establish that Clayton suffered any damage from the failure to resolve the grievance more quickly, which, as the Court previously explained, proves fatal to her claim. *See* doc. 141 at 30 (explaining that "Clayton fails to show a genuine dispute of material fact regarding any damages that she suffered *because the parties did not resolve her grievances within six months*"). And perhaps most importantly, the Court's prior ruling on Federal Defendants' summary-judgment motion wipes out the entire factual predicate for Clayton's claim—that the Postal Service failed to pay Clayton her wages. Doc. 141 at 27 (rejecting Clayton's claim "that the Postal Service failed to pay Clayton her wages"). Clayton presents no evidence that would alter the Court's conclusion on this point, much less justify relief under Rule 59(e). Thus, Clayton still fails to show that the union's actions regarding this grievance were "arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967).

In the remainder of her motion, Clayton recycles arguments that the Court previously rejected. *See* docs. 141, 149. The Court summarily rejects them again. Finding no warrant for awarding relief from its prior judgment, the Court denies Clayton's Motion to Alter or Amend Judgment. Doc. 148.

### D. Clayton's subsequent motions

In her next two motions to vacate, Clayton argues, once again, that the Court should undo its prior dismissals of several of her claims. Docs. 154, 157. The Court has already rejected Clayton's prior attempts to revisit its dismissals of Clayton's claims, both in this order and in others. *See, e.g.*, doc. 71 at 6 (denying motion for reconsideration); doc. 141 at 35 (denying

motion to vacate).  The Court has carefully reviewed Clayton's new motions.  And the Court has found that these new motions represent nothing more than recycled attempts to relitigate issues that the Court has already considered and decided, both in this order and in its previous orders.  The Court has carefully considered Clayton's arguments and finds that they do not justify a departure from the Court's prior orders on Clayton's claims.  Accordingly, the Court denies Clayton's motions to vacate.  Docs. 154, 157.

In her motion to supplement, Clayton "request[s] permission to add new and expand on existing argument, make typo [sic] correction," and "clarify arguments," among other things.  Doc. 158 at 1.  The Court construes this filing as another motion to vacate as, once again, Clayton spends most of the space arguing that the Court should revisit its prior dismissals of Clayton's claims.  *See* doc. 158.  Once again, the Court declines to do so.  Accordingly, the Court denies Clayton's Motion to Supplement Motion to Vacate.  *Id.*

E. **Summary judgment under Rule 56(f)**

As described above, the Court gave "notice" that it was considering granting summary judgment on the remaining claims, and it gave the parties "a reasonable time to respond" to the threat of summary judgment.  Fed. R. Civ. P. 56(f).  Having considered the union's supplemental brief, doc. 146, Clayton's failure to file a supplemental brief, and all the evidence in the record, the Court finds that Clayton has failed to show a genuine dispute of material fact on her duty-of-fair-representation claims against the union.  Thus, the Court sua sponte grants the union summary judgment on those claims and dismisses them with prejudice.

IV. **Conclusion**

Accordingly, the Court orders the following.  The Court strikes Clayton's [152] Objections to APWU's Memorandum in Support of Summary Judgment & Affidavit.  The Court

denies [144] Federal Defendants' Motion Pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure.  The Court denies Clayton's [148] Motion to Alter or Amend Judgment.  The Court denies Clayton's [154] Motion to Vacate Void Judgment and [157] Motion to Vacate Void Judgment.  The Court denies Clayton's [158] Motion to Supplement Motion to Vacate.  The Court enters judgment in favor of the union on all remaining claims and dismisses those claims with prejudice.  A separate judgment accompanies this Memorandum and Order.

So ordered this 30th day of July 2025.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE